FILED
IN CLERK'S OFFICE 5/1/12
U.S. DISTRICT COURT E.D.N.Y.

★ APR 30 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

PAUL W. BROWN,
          Plaintiff,

-against-

GUARDSMARK, LLC.,
          Defendant.
----------------------------------------X

NOT FOR PUBLICATION
**ORDER TO SHOW CAUSE**
12-CV-1538 (CBA)

**AMON**, Chief United States District Judge:

    Plaintiff, appearing *pro se,* filed this action pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § § 2000e - 2000e-17 ("Title VII"). Plaintiff is suing Guardsmark, LLC, a security company, alleging that he was discriminated against because of his race. It appears from plaintiff's complaint that the alleged discrimination occurred while plaintiff was working for defendant in Williamsburg, Virginia, which is in the Eastern District of Virginia.

    Plaintiff states that he has since "relocated to New York" and provides a Brooklyn address. However, Title VII does not provide for venue where the plaintiff resides. Rather it provides that an action by an aggrieved person may be brought either (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." Title VII, 42 U.S.C. § 2000e-5(f)(3); Minette v. Time Warner, 997 F.2d 1023, 1026-27 (2d Cir. 1993).

    The facts alleged in the plaintiff's complaint support the conclusion that the Eastern

District of Virginia would be the most appropriate venue for this action because it is the location where the unlawful employment practice is alleged to have occurred. This Court has discretion under 28 U.S.C. § 1406(a) to transfer this action to the Eastern District of Virginia in accordance with Title VII's venue provision, or to dismiss it for lack of venue. Minnette, 997 F.2d 1023, 1025 (2d Cir. 1999). The Court finds that it would be appropriate to exercise its statutory authority and transfer this case to the Eastern District of Virginia. However, because this Court has raised the issue of transferring venue *sua sponte*, the Court grants the plaintiff thirty (30) days from the date of this order to show cause why the matter should not be transferred to the Eastern District of Virginia.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff is hereby directed to show cause why this action should not be transferred to the Eastern District of Virginia within thirty (30) days from the date of this order. All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this order. If plaintiff fails to respond to this order within thirty days, the action shall be transferred to the Eastern District of Virginia. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2012

/S/
Carol Bagley Amon
United States District Judge